IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Mary J. Cruse | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-02488-KHV-GEB |
| | ) |
| Andrew M. Saul, | ) |
| Commissioner of Social Security | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

This matter is before the Court on Plaintiff's Motion to Proceed without Prepayment of Fees (ECF No. 4). For the reasons set forth below, Plaintiff's Motion to proceed *in forma pauperis* (**ECF No. 4**) is **GRANTED**.

Under 28 U.S.C. § 1915(a), the Court has the discretion[1] to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[2] To determine whether a party is eligible to file without prepayment of the fee, the Court commonly reviews the party's financial affidavit and compares his or her monthly expenses with the monthly income disclosed therein.[3]

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. April 23, 1999)).
[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).
[3] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL-DJW, 2000 WL 1162684, at *1)

Both the Tenth Circuit Court of Appeals and this Court have a liberal policy toward permitting proceedings *in forma pauperis*.[4]  Particularly in civil cases for damages, "courts should grant the privilege 'sparingly,'"[5] but when considering such an application, the court must neither act arbitrarily nor deny the application on erroneous grounds.[6]

The Court has carefully reviewed Plaintiff's affidavit of financial status attached to the Motion (ECF No. 4-1, pp. 1-6).  The affidavit shows Plaintiff is currently unemployed.  And, after a comparison of the listed monthly income to monthly expenses, the Court finds Plaintiff is financially unable to pay the filing fee.  The Court notes Plaintiff is represented by an attorney in this action.  However, considering social security attorneys work on a contingency fee basis, the Court does not take Plaintiff's ability to hire a lawyer into account as she is not obligated to pay her attorney unless, and until, she is successful, and even then, the attorney's fee would likely come out of Plaintiff's award,[7] or be paid by Defendant.[8]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed without Prepayment of Fees **(ECF No. 4)** is **GRANTED.**  Because Plaintiff proceeds *in forma*

---

(D. Kan. Apr. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL-DJW, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).

[4] *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013) (citing, generally, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987)).

[5] *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162, 2002 WL 1162684, at *1 (D. Kan. Apr. 15, 2002) (citing *Buggs v. Riverside Hosp.,* No. 97–1088–WEB, 1997 WL 321289, at *8 (D. Kan. Apr. 9, 1997)).

[6] *Baldwin*, 2007 WL 1652145, at *1 (citing *Buggs*, 1997 WL 321289, at *1).

[7] *See* 42 U.S.C. § 406(b) (discussing fee guidelines for attorneys representing social security claimants before a court).

[8] 28 USC § 2412(d)(1)(A); *Golisch v. Colvin*, No. 15-CV-9256-EFM, 2017 WL 951163 (D. Kan. Mar. 10, 2017).

*pauperis*, the clerk of the court shall take the appropriate steps to serve Defendant with the summons and Complaint as provided under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 22nd day of August, 2019.

s/Gwynne E. Birzer  
GWYNNE E. BIRZER  
United States Magistrate Judge