IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARY J. CRUSE, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 19-2488-KHV |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Mary J. Cruse appealed the final decision of the Commissioner of Social Security to deny disability benefits under Title II of the Social Security Act ("SSA") 42 U.S.C. § 401 et seq. On March 24, 2020, the Court entered judgment reversing the Commissioner's decision and remanding the case for further proceedings. On remand, the ALJ found that plaintiff had been disabled since January 1, 2016. On June 17, 2020, under the Equal Access To Justice Act ("EAJA"), 28 U.S.C. § 2412(d), the Court awarded plaintiff attorney fees in the amount of $6,700.00. Order (Doc. #22). Plaintiff did not receive any funds under the EAJA because the Department of the Treasury diverted those fees to offset a debt that she owed. This matter is before the Court on plaintiff's Motion For Attorney Fees Pursuant To Section 206(b) Of The Social Security Act, 42 U.S.C. § 406(b) (Doc. #23) filed February 5, 2021. For reasons stated below, the Court sustains plaintiff's motion.

Attorneys handling social security cases in court may seek fees under both the EAJA and the SSA. See McGraw v. Barnhart, 450 F.3d 493, 497 (10th Cir. 2006). The statutes provide two types of fee awards which the Court determines separately. See id. Under the EAJA, unless it finds that the government's position was "substantially justified" or that special circumstances

make an award unjust, the Court may award fees based on a statutory maximum hourly rate of $125.00. 28 U.S.C. § 2412(d). Fees awarded under the EAJA penalize the Commissioner for assuming an unjustified legal position and are paid from agency funds. See McGraw, 450 F.3d at 497; 28 U.S.C. § 2412(d)(1)(A). As such, the government may offset fees awarded under the EAJA to satisfy a claimant's pre-existing debt to the government. See Astrue v. Ratliff, 560 U.S. 586, 589 (2010). Under the SSA, however, the Court awards fees to counsel out of past due benefits to satisfy a client's obligation to counsel. See McGraw, 450 F.3d at 497; 42 U.S.C. § 406(b)(1). The Court may determine a reasonable fee based on a lodestar calculation or a contingency fee agreement between the attorney and client. See Gisbrecht v. Barnhart, 535 U.S. 789, 799–800 (2002). If counsel receives fees under both the EAJA and the SSA, counsel must refund the smaller amount to plaintiff. See McGraw, 450 F.3d at 497–98.

Under the SSA, counsel asks the Court to authorize attorney fees in the amount of $10,348.50 based on a contingency fee agreement of 25 per cent of past due benefits. See Motion For Attorney Fees (Doc. #23) at 4–5. The Court determines fees based on reasonableness, with a statutory maximum of 25 per cent of past due benefits. See 42 U.S.C. § 406(b)(1)(A); Gisbrecht, 535 U.S. at 807 (although Section 406(b) does not displace contingency fee agreements, statute requires court review such arrangements to assure they yield reasonable results). When evaluating the reasonableness of a contingency fee, the Court considers whether (1) the character of the representation and the results it achieved were substandard; (2) the attorney is responsible for delay that causes disability benefits to accrue during the pendency of the case in court; and (3) the benefits are large in comparison to the amount of time counsel spent on the case. Gordon v. Astrue, 361 F. App'x 933, 934 (10th Cir. 2010) (citing Gisbrecht, 535 U.S. at 808).

Based on the above factors, the Court finds that an award of $10,348.50 is reasonable and within the statutory limit.  Counsel recorded 34.75 hours of work on the case.  See Exhibit F to Motion For Attorney Fees (Doc. #23).  The amount requested translates to an effective hourly rate of $297.80.  In other social security contingency fee cases, the Court has approved reasonable attorney fees in the range of $258.00 to $418.00 per hour.  See Kotchavar v. Soc. Sec. Admin., Comm'r of, No. CV 14-1333-KHV, 2018 WL 6077988, at *3 (D. Kan. Nov. 21, 2018) (hourly rate of $400 reasonable); Boyer v. Berryhill, No. 15-1054-SAC, 2018 WL 2971499, at *1 (D. Kan. June 12, 2018) (citing cases with reasonable hourly rates from $258 to $432); Duff v. Colvin, 13-2466-DDC, 2016 WL 3917221, at *2 (D. Kan. July 20, 2016) (hourly rate of $358.50 reasonable).  Accordingly, the Court approves $297.80 per hour as reasonable.

The Commissioner does not object to the requested fee award.  Because plaintiff's attorney did not receive the fees awarded under the EAJA, she does not need to refund that amount to plaintiff.  On this record, the Court finds that a fee award of $10,348.50 is reasonable.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Attorney Fees Pursuant To Section 206(b) Of The Social Security Act, 42 U.S.C. § 406(b) (Doc. #23) filed February 5, 2021 is **SUSTAINED**.  **Under 42 U.S.C. § 406(b), plaintiff's attorney, Sharon J. Meyers, is entitled to fees in the amount of $10,348.50.  The Commissioner shall pay those fees to counsel from the amount that he is holding from plaintiff's past due benefits.  The Commissioner shall pay to plaintiff any remainder of withheld benefits.**

Dated this 17th day of March, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
